## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Annette Peyovich, *on behalf of herself and all others similarly situated,* | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) |
| WORLD MORTGAGE COMPANY, *a foreign profit corporation*; *et al.*, WORLD SAVINGS BANK, F.S.B., Defendants. | ) ) ) ) ) |

Case No. 6:08-cv-00404-JA-KRS

**COLLECTIVE ACTION**

### PLAINTIFF ANNETTE PEYOVICH'S MOTION TO VACATE, IN PART, AND MODIFY, IN PART, AWARD OF ARBITRATOR AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, ANNETTE PEYOVICH ("Plaintiff"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), hereby files this Motion to Vacate, in part, and Modify, in part, Award of Arbitrator and Supporting Memorandum of Law and states as follows:

### INTRODUCTION

1. Plaintiff's First Amended Complaint in this action was filed on June 12, 2008 alleging violations of the Fair Labor Standards Act ("FLSA") among other related claims. (Dk. 20). Plaintiff's First Amended Complaint alleged Defendants misclassified her as exempt under the FLSA for a period of her employment and failed to pay her all overtime hours throughout her employment.

2. Defendants filed a Motion to Compel Arbitration with this Court on June 27, 2008. (Dk. 24).

3.      Plaintiff filed a Response in Opposition to Defendants' Motion to Compel Arbitration on July 14, 2008. (Dkt 32).   Plaintiff's Response in Opposition to Defendants' Motion to Compel Arbitration was based, in part, on the fee splitting provision in the Arbitration Agreement.   The Arbitration Agreement requires Plaintiff to share equally in the expense of arbitration and failed to provide for attorneys' fees consistent with the FLSA. *See* **Exhibit A** attached hereto.  Specifically, Plaintiff believed that such provision made it likely that she would have to pay Defendants' attorneys fees and that the Arbitrator could fail to award mandatory prevailing plaintiff attorneys' fees and costs under Section 216(b) of the FLSA.

4.      Along with Plaintiff's Response in Opposition to Defendants' Motion to Compel Arbitration, Plaintiff also filed a Declaration of Annette Peyovich, which provided that Plaintiff's could not afford to pay the costs of arbitration and set forth Plaintiff's financial status as of July 14, 2008. (*See* Dkt. 32) (Declaration of Annette Peyovich attached as **Exhibit B** hereto). Since Plaintiff executed the Declaration in support of her Response in Opposition to Defendants'' Motion to Compel Arbitration in July 2008, she suffered additional financial setbacks including the loss of her employment with Defendants, a period of unemployment and a significant decrease in income.

5.      Following the filing of Plaintiff's Response in Opposition to Defendants' Motion to Compel Arbitration, Defendants sought to stay the remainder of this Court's FLSA scheduling Order, to file a reply brief and requested oral argument on their motion to compel arbitration. (Dkt. 36). On September 8, 2008, the Court Ordered Defendants to file a reply brief and scheduled oral argument on Defendants' Motion to Compel Arbitration for September 26, 2008. (Dkt. 50). The Court ordered Defendants to provide a memorandum of law concerning

why Defendants believed the Arbitration Agreement was enforceable despite the cost splitting and fee shifting provisions. (Dkt. 50).[1]

6.      Defendants filed their Reply Brief pursuant to the Court's Order on September 17, 2008. (Dkt. 57)(attached as **Exhibit C** hereto).  Defendants' argued that the cost splitting and fee shifting provisions contained in the Arbitration Agreement did not prevent Plaintiff from vindicating her rights under the FLSA and did not render arbitration cost prohibitive. (Dkt. 57). Further, the reply brief provides, "the alleged cost splitting provision of the Arbitration Agreement will not subject Plaintiff to prohibitive arbitration costs because Defendant agrees to be solely responsible for that expense."

7.      Further Defendant's reply provides "Defendants freely acknowledge that, under the FLSA, the Plaintiff is entitled to an award of attorneys' fees and costs in the unlikely event she prevails." Defendants further argued that judicial review of an Arbitration Award is sufficient to protect Plaintiff from a deprivation of her statutory right to prevailing party attorneys' fees under the FLSA. (Dkt. 57).

8.      The issue to be determined at oral argument before this Court was whether the Arbitration Agreement between Plaintiff and Defendants was substantively or procedurally unconscionable, *inter alia*, because of the cost splitting and fee shifting provisions. On September 26, 2008, the parties appeared before this Court for a hearing on the Motion to Compel Arbitration. (Transcript of Hearing attached hereto as **Exhibit D,** Dkt. 61).

---

[1] The provision of the Arbitration Agreement in question provides that "The Company and I shall equally share the fees and costs of the Arbitrator and the arbitration, except the Company will pay a greater portion of the fees and costs of the Arbitrator and /or the arbitration where required by applicable law. In the event the Company and I cannot agree as to the amount each party is to pay, the Arbitrator shall resolve the issue at the outset. **Each party shall pay its own attorneys' fees, if any, and other costs the party would have to pay had the claim been litigated in court of before an administrative body, including, but not limited to, the expense of the parties own witnesses. However, if a party prevails on a statutory claim that affords the prevailing party attorneys' fees and/or costs, the arbitrator may award such fees and/or costs to the prevailing party**." (Emphasis added).

9.      During oral argument, Plaintiff argued that she should not be compelled to arbitration because she could not afford the costs involved.  This Court, in turn, expressly asked Defendants' counsel "If arbitration proceeds and Plaintiff prevails, you will pay the costs?" Defendants' counsel responded, "Absolutely, Your Honor." (**Exhibit D**, Page 4, Ln.22-25).

10.     Plaintiff further argued that the Arbitration Agreement would likely be misconstrued by the Arbitrator and the fee shifting and cost splitting provisions would be misapplied despite the mandatory nature of prevailing Plaintiff attorneys' fees and costs under Section 216(b) of the FLSA.

11.     In response to Plaintiff's argument, Defendants agreed that if Plaintiff were to prevail on her FLSA claims that she would be entitled to an award of attorneys' fees because the Arbitration Agreement requires the Arbitrator to apply the "substantive law" in making an award.  Specifically, the Arbitration Agreement states, "The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted."  (**Exhibit A**).  When describing this provision for the Court, Counsel for the Defendants stated, "Clearly attorney's fees would be covered by that, Your Honor."  (**Exhibit D**, Page 5, Ln. 12-13).

12.     This Court, in turn, asked Defendants, "So assuming plaintiff goes forward with arbitration and prevails on the FLSA count…is it your representation to the Court that pursuant to this agreement they would be entitled to fees and costs because that's part of the substance of the act?" Defendants' counsel answered, "Yes, Your Honor, if they prevail on the FLSA claims." (**Exhibit D**, Page 25, Ln. 1-8).

13.     Relying on the representations made by Defendants' counsel that Defendants would pay the costs of arbitration and that Plaintiff would be entitled to attorneys'

fees and costs if she were to prevail at arbitration, this Court granted Defendants' Motion to Compel Arbitration. (Dkt. 66).

14.     Plaintiff filed her Petition for Arbitration, as ordered by the Court, within thirty (30) days of the Court's Order compelling arbitration.  (**Exhibit E**).  On February 26, 2009, Plaintiff filed her Amended Petition for Arbitration which contained the factual and legal allegations regarding her FLSA claim.[2] Plaintiff's Amended Petition clearly set forth Plaintiffs' request for unpaid overtime, liquidated damages, attorneys' fees and costs of action pursuant to Section 216(b) of the FLSA.  (**Exhibit F**).

15.     On February 16, 2009 Arbitrator, Lynn Cole, issued an Order Setting Case for Final Arbitration Hearing and Requiring Pre-Arbitration Matter to be Completed. (**Exhibit G**). The Order required the parties to complete discovery by July 24, 2009, file dispositive motions by August 12, 2009 and set the Arbitration Final Hearing for October 20, 2009 and October 21, 2009.

16.     The parties participated in written discovery and depositions and Defendants filed a motion for summary judgment as to the three individually named Defendants, Ruth Nolan, Kimberly Abel and James O'Toole. Plaintiff filed a response in opposition to Defendant's motion for summary judgment. The Arbitrator denied summary judgment as to Kimberly Abel and James O'Toole, the two (2) more senior managers. Summary judgment as to Ruth Nolan, Plaintiff's immediate supervisor was granted. (*See* Arbitrator's Order, **Exhibit H**).

---

[2] Plaintiff filed her Amended Petition for Arbitration which included only her claims for violation of the FLSA and retaliation under the FLSA, in part, because Plaintiff waived her right to all other claims originally part of this action, including ERISA, by signing a Severance Agreement when her employment with Defendants ended in August 2008. The Severance Agreement required Plaintiff to waive all claims, including state statutory claims, common law claims and claims under any other federal statute, including ERISA, except the FLSA.  Defendants will, in all likelihood, argue that Plaintiff's failure to continue her ERISA claim in arbitration is tantamount to the loss of a legal argument.  Nonetheless, Plaintiff could not, in good faith continue such claim, after executing the waiver included in her Severance Agreement.

17.     After the Arbitrator's ruling concerning summary judgment, Plaintiff suggested to Defendants that the parties should consider mediation before spending additional funds to fully prepare for the arbitration hearing.  The parties scheduled mediation for September 9, 2009.  During mediation it became apparent to Plaintiff that Defendants did not want to resolve the case. Defendants clearly expressed to Plaintiff that they had already fully prepared for the arbitration hearing and they failed to make any reasonable offer to resolve the case.

18.     Further, Defendants filed a last minute and untimely motion to dismiss the arbitration proceedings because Plaintiff's counsel, both of whom were solo practitioners at the time, did not have all copies of their exhibits ready for Defendants' review at the meeting of attorneys scheduled for October 1, 2010.  Notably, Defendants did not have their exhibits ready or failed to produce same to Plaintiff at the time of the scheduled meeting.   Nonetheless, Defendants attempted to argue their motion to dismiss or strike Plaintiff's witnesses and exhibits claiming the "late" production of exhibits, the overwhelming majority of which were produced by Defendants, somehow prejudiced Defendants. The Arbitrator denied Defendants' motion to dismiss and motion to strike both before and during the hearing.

19.     The Final Arbitration Hearing was held on October 20, 2009 and October 21, 2009. At the conclusion of the first day of the arbitration hearing, Plaintiff voluntarily dismissed both of the individually named Defendants to save both parties additional time and expense. Further, at the conclusion of the first day of the arbitration, Plaintiff withdrew her claim of retaliatory discharge to save both the parties and the Arbitrator from having to brief and consider that issue.

20.     At the conclusion of the arbitration hearing, the Arbitrator requested that the parties submit post hearing briefs limited to twenty (20) pages within thirty (30) days after

the transcript of the proceeding was ready. On November 24, 2009, the Arbitrator's Post-Hearing Procedural Order for Final Disposition of the Case was filed. The Parties' Post Hearing Briefs were due and filed with the Arbitrator on December 23, 2009.

21.     The Arbitrator issued an Award of Arbitrator on or about February 2, 2010, finding that Defendants had violated the FLSA. (*See* Award of Arbitrator, attached hereto as **Exhibit I**). The Arbitrator found that Defendants had violated the FLSA by misclassifying Plaintiff as exempt during the first year of her employment from August 2005 to June 2006. During that year, Defendants failed to keep track of Plaintiff's hours worked and based upon Plaintiff's testimony and production numbers, Plaintiff worked significant overtime. Contrary to what Defendants will argue, Plaintiff's misclassification for the first period of her employment was a substantial part of her FLSA claim.

22.     Pursuant to 29 U.S.C. § 216(b) and (c), the Arbitrator correctly applied the three (3) years statute of limitations for a willful violation of the FLSA and awarded back wages and liquidated damages to Plaintiff for the first period of Plaintiff's employment. Liquidated damages were awarded against Defendants because the Arbitrator found that Defendants did not act in good faith in classifying Plaintiff as exempt when they knew she was non-exempt.

23.     In determining her award, the Arbitrator took Plaintiff's minimum estimate of her back pay damages, of $4,333.46, that was used in Plaintiff's Post Arbitration Brief for demonstrative purposes only, to calculate Plaintiff's damages for the period of her employment in which she had been misclassified by Defendants.  After adding an equal amount as liquidated damages, Plaintiff's award equaled $8,667.00.

24.     The Arbitrator, contrary to the evidence presented and legal standard, failed to award Plaintiff back pay for the second period of her employment with Defendants.

25.     Despite Plaintiff's prevailing party status under the FLSA and findings of a willful violation and the issuance of liquidated damages pursuant to 29 U.S.C. § 216(b), the Arbitrator failed to award Plaintiff her attorneys' fees and costs.  Instead, the Arbitrator cited verbatim the exact wording of the cost splitting and fee shifting provision in the Arbitration Agreement which Plaintiff had previously argued before this Court was unconscionable.  In fact, the Award of Arbitrator provides:

> The administrative fees of the AAA, totaling $2,050.00, shall be borne equally.  The fees and expenses of the arbitrator, totaling $18,372.96, shall be borne equally.  Therefore, Claimant shall reimburse Respondent the sum of $10,211.48, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondent.
>
> The Arbitrator awards, in **accordance with the Arbitration Agreement entered into by the parties on August 8, 2005, that each party shall pay its owns attorneys' fees, if any, and the other costs the party would have to pay had the claim been litigated in a court** of before an administrative body, including the expenses of the party's own witnesses.

**Exhibit I** (emphasis added).

26.     Despite the Arbitrator's knowledge and partial application of Section 216(b) of the FLSA in her findings and Award, she failed to award Plaintiff her mandatory attorneys' fees and costs as a prevailing plaintiff in an FLSA matter.

27.     Further, and of particular significance, the Arbitrator made no findings that would indicate she intentionally did not award Plaintiff obligatory attorneys' fees and costs because of any "special circumstances" that would justify such a finding.  The Arbitrator made no findings whatsoever, that Plaintiff acted in any way to multiply the proceedings. In fact, the Arbitrator ruled in Plaintiff's favor on <u>all</u> pre-hearing motions including Defendant's Motion for

Partial Motion for Summary Judgment, Plaintiff's Motion to Compel, and Defendant's Motion to Dismiss, or in the Alternative to Strike Exhibits and Witnesses.

28.     There is absolutely no basis in the Award of Arbitrator or in the Hearing Transcript that would warrant a finding of special circumstances under which an award of attorneys' fees and costs under Section 216(b) would be precluded.

29.     On February 22, 2010, Plaintiff timely filed her Motion Requesting Arbitrator To Correct Clerical Error In Award. (**Exhibit J**). On March 4, 2010, Defendants filed their Memorandum in Opposition to Claimant's Request to Correct Error in Award.  (**Exhibit K**).  Contrary to their earlier representations to this Court, Defendants argued, among other things, that despite Plaintiff's award of overtime, she was not entitled to an award of attorneys' fees and costs.  *Id*.

30.     On March 24, 2010, the Arbitrator issued her Order on Claimant's Rule 40 Motion Requesting Arbitrator to Correct Clerical Error in Award. (**Exhibit L**). The Arbitrator acknowledged only, as argued by Defendants in their memorandum in opposition to Plaintiff's motion to correct the award, that Defendants had agreed to pay the "administrative costs" of the Arbitration. Thus, the Arbitrator merely changed the Award to reflect that Defendants shall pay the *administrative* costs of the Arbitration.

31.     The net result of the initial Award of Arbitrator, despite Plaintiff prevailing on a substantial part of her FLSA claim, was Plaintiff having to pay Defendants $1,511.48. Even after the Arbitrator issued her Order on Claimant's Rule 40 Motion, Plaintiff is required to pay Defendants $486.48 and bear her own attorneys' fees and costs.  Such a result is clearly contrary to clear, express language of the statute and spirit of the FLSA.  In fact, Section

29 U.S.C. § 216(b) of the FLSA, mandates that attorneys' fees and costs be awarded to Plaintiff as the prevailing party in this matter.

32.     Because the Arbitrator failed to apply the applicable substantive law of the FLSA, as it specifically pertains to the award of attorneys' fees and costs under 29 U.S.C. § 216(b), she clearly abused her power as an Arbitrator and manifestly disregard the law.  Plaintiff respectfully requests this Court to vacate, in part, the Award of the Arbitrator and award Plaintiff her attorneys' fees and costs as the prevailing party.

33.     Plaintiff further requests this Court, pursuant to the doctrine of judicial estoppel, to estop Defendants from taking a position contrary to which it previously argued before this Court.  In particular, Plaintiff requests this Court to require Defendants to honor their word, and legal position, in agreeing to pay Plaintiff's attorneys' fees and costs after she prevailed on her FLSA claims.

34.     Further, because the Arbitrator arbitrarily and capriciously ignored the factual evidence in this matter when determining Plaintiff's back pay for the initial period of her employment, Plaintiff respectfully requests that this Court modify, in part, the liability award. Specifically, Plaintiff requests that this Court uphold the correct finding of liability but requests an upward adjustment of the back pay award to conform with Plaintiff's estimated damages.

35.     Lastly, Plaintiff respectfully requests this Court to vacate, in part, the Award of the Arbitrator as it pertains to liability for the latter portion of Plaintiff's employment with Defendants.  Specifically, Plaintiff requests this Court to enter an award of back pay and liquidated damages for the period from June 2006 until August 2008, as the Arbitrator failed to follow the standards of liability established within the Eleventh Circuit when determining

whether an employer "knew or should have known" an employee was working overtime without reporting and receiving pay for such hours worked.

36.    **3.01(g) Certificate**:   Pursuant to Local Rule 3.01(g), counsel for the Plaintiff communicated, in good faith, with counsel for the Defendants prior to the filing of this Motion.  Defendants, however, oppose the relief sought by Plaintiff.

## MEMORANDUM OF LAW

Title 9, United States Code, § 9 provides, in pertinent part, that any time within one year after an award is made, any party to the arbitration may apply to the appropriate court for an order confirming the award. The court must grant such an order unless the award is vacated, modified, or corrected as set forth in sections 10 or 11 of Title 9. *See* 9 U.S.C. § 9.

Section 10, Title 9, United States Code, sets out the exclusive statutory grounds for vacating an arbitration award. It allows the award to be vacated:

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. Section 10.

With respect to modification of an award, a court can correct an award only when 1) there was an "evident material miscalculation" or "evident material mistake" in the description of a person or thing; 2) the arbitrators ruled on a matter not presented to them; or 3) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11(a-c).

I.   **THE ARBITRATOR'S FAILURE TO AWARD PLAINTIFF PREVAILING ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(b) SHOULD BE VACATED BECAUSE THE ARBITRATOR EXCEEDED HER POWERS**

Arbitrators are primarily granted with authority pursuant to the "provisions of the arbitration agreement under which the arbitrators were appointed." *Cunningham v. Pfizer, Inc.*, 294 F.Supp. 2d 1329, 1332 (M.D. Fla. 2003). Notably, § 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided the issue." *Waddell v. Holiday Isle, L.L.C.*, 2009 U.S. Dist. LEXIS 67669 (S.D. Ala. August 4, 2009).   Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the Federal Arbitration Act.   *See Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998).

The "Scope of Arbitral Authority" of an Arbitrator is found in Rule 8 of the Arbitration Rules.   Rule 8 requires the Arbitrator to first identify the state or federal law upon which the dispute relies. Thereafter, the Arbitrator's authority is strictly limited to resolving the dispute on the basis of such applicable state or federal law. The arbitrator may not resolve the dispute by looking beyond the law upon which the claim or counterclaim is based, and therefore may not invoke or rely upon any other concept beyond that particular law.

In the instant case, the Arbitrator failed to act within her authority in determining Plaintiffs' entitlement to attorneys' fees and costs.  In fact, the Arbitrator, *sua sponte*, determined that she would go beyond the bounds of the Arbitration Agreement and not apply the controlling substantive provisions of the FLSA as she was required to do.  *See* Exhibit A.  "The Arbitrator **shall apply the substantive law** (and the law of remedies, if applicable) of the state in which the claim arose, or **federal law**, or both, as applicable to the claim(s) asserted." (emphasis added).

Because the FLSA is a federal law which expressly mandates the award of attorneys' fees and costs to a prevailing plaintiff, the Arbitrator exceeded her power in failing to apply the substantive law.  Moreover, the Arbitrator's abuse is only furthered by the fact that she was aware of the substantive provisions of 29 U.S.C. § 216(b) and determined that she would only apply them to issue an award of liquidated damages.   The Arbitrator's actions, therefore, suggest that she relied on something or some concept other than the Arbitration Agreement or the applicable substantive law to determine her Award.  Accordingly, the Arbitrator exceeded her authority, and this Court should vacate the Arbitrator's decision and award Plaintiff her attorneys' fees and costs as a prevailing FLSA plaintiff.

## II. THE ARBITRATOR'S FAILURE TO AWARD PLAINTIFF PREVAILING ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(b) SHOULD BE VACATED BECAUSE IT DEMONSTRATES A MANIFEST DISREGARD FOR THE LAW

Until April 30, 2010, when the Eleventh Circuit issued its opinion in *Frazier v. Citifinancial Corporation LLC*, 2010 U.S. App. LEXIS 8960 (11th Circuit April 30, 2010), the Eleventh Circuit recognized three non-statutory bases upon which an arbitration award could be vacated. *See Brown v. Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 779 (11th Cir. 1993). "First an arbitration award may be vacated if it is arbitrary and capricious." *See id.* at 779.  "Second, an arbitration award may be vacated if enforcement of the award is contrary to public policy." *See id.* at 779.  Additionally, a court is to vacate an award entered in "manifest disregard of the law." *Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1460-62 (11th Cir. 1997); *Ainsworth v. Skurnick,* 960 F.2d 939, 941 (11th Cir. 1992).

It should be noted that the Supreme Court's recent opinion in *Hall Street Associates, LLC v. Mattel, Inc.*, 128 S.Ct. 1396 (2008), which formed the basis of the Eleventh Circuit's decision in *Frazier*, *did not* answer the question of whether judicially-created grounds for vacatur of an

13

arbitration award remain valid.   In fact, the Supreme Court debated the exact meaning of manifest disregard, but failed to reach a conclusion. Had the Supreme Court truly intended to abrogate the doctrine, it would have singled out these cases for special comment. Nevertheless, it did not do so.   Since that time, the Sixth Circuit, among others, has determined that the manifest disregard doctrine remains viable.   *See Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 Fed. Appx. 415 (6th Cir. 2008) (unpublished); *Martin Marietta Materials, Inc. v. Bank of Oklahoma*, 304 F. App'x 360, 362-63 (6th Cir. 2008)(unpublished).   Such determination by the Sixth Circuit appears to be the correct interpretation.   Thus, it is the belief of Plaintiff that the Eleventh Circuit has misinterpreted the holding of *Hall Street* and that the manifest disregard standard for vacating arbitration awards remains available.

An arbitrator manifestly disregards the law when the record indicates that the arbitrator knew the law and disregarded it. *See O.R. Sec. Inc. v. Prof'l Planning Assocs., Inc.,* 857 F.2d 742, 747 (11th Cir. 1988).  In the instant case, at issue is 29 U.S.C. § 216(b), which provides:

> (b) Damages; right of action; attorney's fees and costs; termination of right of action
> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action ***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, ***allow a reasonable attorney's fee to be paid by the defendant, and costs of the action***.

29 U.S.C. § 216(b) (emphasis added).   Furthermore, it is axiomatic within the Eleventh Circuit that absent "special circumstances,"[3] successful Plaintiff, under the FLSA must be awarded her

---

[3] Plaintiff is aware of the case of *Sahyers v. Prugh, Holliday & Karatinos*, PL, No. 08-10848 (11th Cir. Mar. 3, 2009).  In this unique case, the plaintiff, a paralegal, alleged that her former employer owed her overtime under the FLSA.  The fatal mistake in that case was that the District Court did not appreciate that the lawyer for the Plaintiff made absolutely no effort -- no phone call; no email; no letter -- to inform fellow lawyers of Plaintiff's impending claim much less to resolve this dispute before filing suit.  Significantly, the Eleventh Circuit noted that: "We strongly caution against inferring too much from our decision today. These kinds of decisions are fact-intensive. We

reasonable attorneys' fees and costs.  *See Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir.2007) ("Prevailing plaintiffs are automatically entitled to attorneys' fees and costs under the FLSA.); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 & n.5 (1978) (referring to § 216(b) of the FLSA as one of the "statutes [that] make fee awards mandatory for prevailing plaintiffs"); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir.1985) ("Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs."); *Murray v. Playmaker Servs., LLC*, 548 F.Supp.2d 1378, 1381 (S.D.Fla.2008) (Ryskamp, J.) (providing that the FLSA "directs district courts to award reasonable attorney's fees and costs to a plaintiff, in addition to any judgment received").

Here, it is quite clear from the Award of the Arbitrator that the Arbitrator knew of the substantive legal requirements of 29 U.S.C. § 216(b).  The Arbitrator cited directly to portions of 216(b) when she awarded Plaintiff back pay and liquidated damages.   *See* Exhibit I, p. 7.  Nevertheless, she failed to apply the remaining substantive requirements of 216(b) when issuing the Award of the Arbitrator.   Namely, the Arbitrator failed to award Plaintiff her reasonable attorneys' fees and costs as a prevailing plaintiff.  Instead, the Award of the Arbitrator appears to reflect that she was randomly "picking and choosing" which portions of 216(b) to enforce and turning a blind eye to the remaining provisions of the statute.  Given the Arbitrator's knowledge

---

put aside cases in which lawyers are not parties. We do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs. Nor do we now recommend that courts use their inherent powers to deny prevailing parties attorney's fees or costs. We declare no judicial duty. We create no presumptions. We conclude only that the district court did not abuse its discretion in declining to award some attorney's fees and costs based on the facts of this case."  "Special circumstances" such as those in *Sahyers* do not exist here and do not justify the withholding of a statutory guaranteed fee.

of the provisions of the FLSA, and the absence of a finding of "special circumstances"[4] by the Arbitrator, the Award of the Arbitrator, with respect to Plaintiff's attorneys' fees and costs, is in manifest disregard of the law and must be vacated.

### III. DEFENDANTS SHOULD BE JUDICIALLY ESTOPPED FROM DENYING THAT PLAINTIFF IS ENTITLED TO HER ATTORNEY'S FEES AND COSTS

In addition to vacating the Award of the Arbitrator on the statutory and non-statutory bases described above, this Court should apply the doctrine of judicial estoppel to ensure the fairness and equity of the proceedings.   The Supreme Court has defined judicial estoppel as follows: "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S. Ct. 555, 39 L. Ed. 578 (1895).

The intent of the rule is to prevent a party "from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 (2000). The doctrine is designed to protect the integrity of the

---

[4] Defendants may argue that the Arbitrator intentionally failed to award Plaintiff attorneys' fees and costs because the net result of the Arbitrator's award is Plaintiff paying Defendants. Nonetheless, such argument does not withstand the fact that the Arbitrator could have clarified the Award in response to Plaintiff's Request for Correction of Clerical Error but she remained silent. Defendants will also likely argue that Plaintiff incurred adverse rulings on all but the least significant of her claims. Defendants' argument fails in that Plaintiff had to overcome the burden of misclassification, which not only applies to Plaintiff but to other similarly situated employees as well. Defendants may argue that summary judgment was granted in favor of Defendants when it was actually *denied* as to two of the three individually named Defendants. Defendants may argue that Plaintiff's voluntary dismissal of the individually named Defendants supports the Arbitrator's failure to award attorneys' fees and costs. Such decision was not made; however, until Defendants finally agreed to provide Plaintiff with one entity which agreed to be held liable in the event the Plaintiff received a favorable award from the Arbitrator. Defendants may argue that Plaintiff's "withdrew" her ERISA claims when, in reality, Defendants forced Plaintiff to waive her ERISA claims in her Severance Agreement. Defendants may likely argue that Plaintiff's retaliation claims were "frivolous" when the Arbitrator made no such finding. Finally, Defendants may argue that they incurred substantial costs and fees in defending this matter.  To Plaintiff's knowledge, such reasoning has never served as a basis to deny a prevailing plaintiff obligatory fees under the FLSA.  Despite the myriad of arguments Defendants may present, none of them meet the criteria of "special circumstances" described in *Sahyers v. Prugh, Holliday & Karatinos, PL*, No. 08-10848 (11th Cir. Mar. 3, 2009).

judicial process by preventing parties from changing positions as circumstances change. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  "[T]he circumstances under which judicial estoppel should be invoked are not reducible to a general formulation of principle," but courts have traditionally looked at three factors: (1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id*.

In the instant case, it is undisputed that Defendants, as an effort to compel arbitration, previously represented to this Court that the substantive law of the FLSA creates an entitlement to attorneys' fees and costs and that if arbitration proceeded and Plaintiff prevailed on her FLSA claims Defendants would pay Plaintiff's attorneys' fees and costs.   (Exhibit D, Page 4, Ln.22-25); (Exhibit D, Page 5, Ln. 12-13); (Exhibit D, Page 25, Ln. 1-8).  Since that time, however, Defendants have "changed their tune."  Now that they believe they are comfortably out of the reaches of this Court, Defendants claim that they agreed to pay only certain costs of the arbitration.  In fact, when Plaintiff was awarded overtime and liquidated damages and petitioned the Arbitrator for the payment of her attorneys' fees and costs, Defendants argued that they only agreed to pay for "administrative costs."  As a reminder, however, when this Court previously asked Defendants' counsel the question, "you've represented to the court, I think, that if arbitration proceeds and the plaintiff prevails that you will pay the costs?" Without hesitation or any argument specifying the types of costs Defendants agreed to pay, Mr. Shaughnessy stated, "Absolutely, Your Honor." (**Exhibit D**, Page 4, Ln.22-25).

Defendants further represented to this Court prior to its decision to compel arbitration that if Plaintiff prevailed on her FLSA claims, that she would be entitled to fees and costs because the Arbitration Agreement requires the Arbitrator to apply the "substantive law" in making an award.  (**Exhibit D**, Page 25, Ln. 1-8).  Specifically, the Arbitration Agreement states, "The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted." (**Exhibit A**).  When describing this provision for the Court, Counsel for the Defendants stated, "Clearly attorney's fees would be covered by that, Your Honor."  (**Exhibit D**, Page 5, Ln. 12-13).

Based on such representation to this Court prior to its decision to grant Defendants' Motion to Compel Arbitration, Defendants should not be judicially stopped from arguing against Plaintiff's entitlement to attorneys' fees and costs as a prevailing party under the FLSA. Defendants' present position is clearly inconsistent with its prior representations to this Court. Moreover, Defendants previously convinced this Court that they would pay Plaintiff's attorneys' fees and costs if she prevailed on her FLSA claims.  Such representations by Defendants have clearly imposed an unfair detriment on Plaintiff, namely, Plaintiff decided to continue her action with the understanding that if she prevailed on her FLSA claims that Defendants would be required both by law and their word to this Court that they would pay for her attorneys' fees and costs.  As it stands now, Plaintiff, the prevailing party of this action, is being required by the Arbitrator to issue payment to Defendants.  This is the exact scenario which Defendants previously represented to this Court would not happen.  Accordingly, Defendants should be judicially stopped from arguing against Plaintiff's entitlement to attorneys' fees and costs.

## IV. THE ARBITRATOR'S DETERMINATION OF THE BACK PAY AWARD FROM AUGUST 2005 THROUGH MAY 31, 2006 IS AN EVIDENT MATERIAL MISCALCULATION AND SHOULD BE MODIFIED UPWARD

As noted prior, a court can correct an award only when 1) there was an "evident material miscalculation" or "evident material mistake" in the description of a person or thing; 2) the arbitrators ruled on a matter not presented to them; or 3) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11(a-c).   At present, the Arbitrator correctly determined that Defendants kept no records for the hours Plaintiff worked from August 2005 through May 31, 2006.   The law in the 11th Circuit is instructive on this issue:  [w]hen the employer's records for the employee are inaccurate or inadequate, an employee has carried out his or her burden when the employee 'produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."   Upon such a showing the 'burden shifts to the employer to come forward with evidence of the precise amount of work performed' or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  *Hamilton v Wilder Corporation*, 2009 U.S. Dist. LEXIS 52196, 7-8 (M.D. Fla. June 22, 2009).

Notably, the Defendants did not offer any evidence to refute the hours Plaintiff claimed she worked.   Accordingly, Defendants could not refute Plaintiff's testimony that she worked approximately 10-12 hours per day or 60 hours per week (20 hours of overtime) prior to June 1, 2006.   Nonetheless, the Arbitrator arbitrarily and capriciously adopted the "lowest supportable figure" to determine the number of overtime hours Plaintiff worked each week (4.33 hours per week).   The Arbitrator's decision to use such amount does not comport with the evidence offered by Plaintiff and, in turn, results in an evident miscalculation of her damages.   If the Arbitrator correctly used the Plaintiff's estimate of approximately 20 overtime hours per week, again, which Defendants cannot dispute, her back pay calculation would be as follows:  The regular overtime hourly wage rate of $27.80 when multiplied by the weekly overtime regular average of

19

20 hours, gives an average of $556.00 per week for overtime. For the 36 week time period in question, that would gives an overtime amount of $20,016.00, not including liquidated damages. Accordingly, Plaintiff respectfully requests this Court to modify upward her award of back pay and liquidated damages to conform with the only viable testimony at the arbitration hearing – that of the Plaintiff.

**<u>CONCLUSION</u>**

WHEREFORE, based on the foregoing, the Plaintiff, Annette Peyovich, respectfully requests this Court to vacate, in part, and modify, in part, the Award of the Arbitrator.  In addition to the relief specifically requested above, Plaintiff requests that this Court award her reasonable attorneys' fees and costs in preparing the instant motion and grants any other relief this Court deems appropriate.

Dated this 3rd day of May, 2010.

Respectfully submitted,


/s/Nathan A. McCoy____
Nathan A. McCoy
Florida Bar No. 0676101

NATHAN A. MCCOY, P.A.
c/o Jill S. Schwartz & Associates, P.A.
180 N. Park Avenue, Suite 200
Winter Park, Florida 32789
Telephone:    (407) 647-8911
Facsimile:    (407) 628-4994
E-Mail: nmccoy@schwartzlawfirm.net

CO-COUNSEL for Plaintiff

/s/Deborah E. Frimmel
Deborah E. Frimmel
Florida Bar No. 93970

FRIMMEL LAW GROUP, P.A.
7380 Sand Lake Road, Suite 500
Orlando, Florida 32819
Telephone:    (407) 574-4949
Facsimile:    (407) 386-6300
E-Mail: Deborah@frimmellaw.com

CO-COUNSEL for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of May, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Kevin W. Shaughnessy, Esquire, Tracey L. Ellerson, Esquire, and James W. Seegers, Esquire, Baker & Hostetler LLP, SunTrust Center, Suite 2300, P.O. Box 112, Orlando, Florida 32802-0112.

/s/Nathan A. McCoy
Nathan A. McCoy