# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNETTE PEYOVICH, on behalf
of herself and all others similarly situated,

    Plaintiff(s),

vs.                                         Case No.: 6:08-cv-00404-JA-KRS

WORLD MORTGAGE COMPANY,
*a foreign profit corporation;* WORLD
SAVINGS BANK, F.S.B., *a foreign profit
corporation;* WORLD SAVINGS, F.S.B.,
*a foreign profit corporation;* GOLDEN
WEST FINANCIAL CORP., *a foreign
profit corporation;* WACHOVIA MORTGAGE
CORPORATION, *a foreign profit
corporation;* WACHOVIA MORTGAGE
F.S.B., *a foreign profit corporation;*
WACHOVIA BANK, N.A. *a foreign profit
corporation;* WACHOVIA CORPORATION,
*a foreign profit corporation;* JAMES O'TOOLE;
KIMBERLY ABEL; and RUTH NOLAN,

    Defendants.
_____/

## SWORN DECLARATION OF RUTH NOLAN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, MOTION FOR PARTIAL DISMISSAL

I, RUTH NOLAN, depose and say under penalty of perjury:

1. My name is RUTH NOLAN. I am over the age of twenty-one years, and I am competent to make this Declaration and to testify to the matters stated herein.

2. I have knowledge of the matters stated in this Declaration based on my personal involvement in them.

3. I was employed by World Mortgage Company as a District Loan Appraisal Manager and as an Appraisal Team Leader until it merged with Wachovia Corporation.

4. Since the merger, I have been employed by Wachovia Mortgage Corporation as an Appraisal Team Leader.

5. Since August 8, 2005, and at all times during her employment with World Mortgage Company and Wachovia Mortgage Company, I have supervised Annette Peyovich.

6. Attached as Exhibit 1 to my Declaration is a true and correct copy of a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") that I presented to Ms. Peyovich on August 8, 2005.

7. Ms. Peyovich reviewed and executed the Arbitration Agreement, attached as Exhibit 1, in my presence on August 8, 2005.

8. As Ms. Peyovich's supervisor, I am familiar with her signature.

9. The signature at the bottom of page 3 of the Arbitration Agreement is Ms. Peyovich's signature.

FURTHER DECLARANT SAYETH NAUGHT.

Pursuant to 28 U.S.C. Section 1746, I declare under the penalties of perjury and upon personal information that the contents of the foregoing Declaration are true.

Dated this 27th day of June, 2008.

_____
Ruth Nolan

501926892.1, MTC: Affidavit

2

# EXHIBIT B-1

AUG 18 2005

31428
08/08/05

# Golden West Financial Corporation
## and its Subsidiaries
## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that during or following my employment with Golden West Financial Corporation and its subsidiaries, differences may arise between the Company and me. When the Company's regular Problem Resolution Process is not successful in resolving these differences, the Company and I agree to use an outside arbitrator to settle disputes as described in this Mutual Agreement to Arbitrate Claims ("Agreement")

I understand that throughout this Agreement "the Company" is used to refer to Golden West Financial Corporation and any of its subsidiaries, including but not limited to World Savings Bank, Golden West Savings Association Service Company, World Mortgage Company, World Savings Insurance Company, Atlas Advisers, and Atlas Securities

### Claims Covered by this Agreement

The Company and I mutually consent to the resolution by arbitration of all claims or controversies (collectively, "claims") arising out of my employment or its termination that otherwise could have been raised in court, which the Company may have against me or that I may have against the Company or against its officers, shareholders, directors, employees, or benefit plans, the benefit plans' sponsors, fiduciaries, administrators, or affiliates, and all successors and assigns of any of them, or agents in their capacity as such or otherwise.

The claims covered by this Agreement include the following claims for wages or other compensation due, claims for breach of any contract or covenant (express or implied), tort claims, claims for unlawful discrimination and/or harassment (including but not limited to race, sex, religion, national origin, age, marital status, medical condition, disability, or sexual orientation), claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall use an arbitration procedure different from this one), and to the fullest extent permitted by law, claims for violation of any federal, state, or other government law, statute, regulation, or ordinance. The claims covered by this Agreement do not include claims excluded in the following section

### Claims Not Covered by the Agreement

Claims for workers' compensation or unemployment compensation benefits and claims for benefits where the employee benefit or pension plan specifies a different arbitration procedure are not covered by this Agreement. Claims between Atlas Securities and an associated person which are required to be arbitrated under the NASD Code of Arbitration Procedure shall remain subject to arbitration under the NASD Code, if claims that are subject to arbitration under the NASD Code are accompanied by claims for employment discrimination (including but not limited to sexual harassment) in violation of a statute, all claims shall be subject to arbitration under the NASD Code

Also not covered are claims for which the only remedy sought by the aggrieved party is injunctive or declaratory relief (that is, the aggrieved party is not seeking monetary damages) and claims arising from the extension of credit by the Company to me, including enforcement of any related deed of trust or mortgage

The Agreement also does not cover disputes or claims that are expressly excluded by statute, state law, or applicable court decision from being resolved by mandatory arbitration, unless that statute, state law, or applicable court decision is preempted by federal law

### Required Notice of all Claims and Statute of Limitations

AUG 19 2005

HR-ESC

The Company and I agree that the aggrieved party must initiate arbitration within one (1) year of the date the aggrieved party first knew or should have known of the event giving rise to the claim, or within the federal or state statute of limitations applicable to the claim asserted, whichever is longer. Otherwise, the claim shall be void and deemed waived

If I am the aggrieved party, I will give a written notice to the Company. This notice shall be sent to the Director of Human Resources, 1901 Harrison Street, Oakland, California, 94612. If the Company, or its officers, directors, employees, or agents is the aggrieved party, written notice of the claim shall be sent to me at the last address of record in my personnel file. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based

### Representation

Any party may be represented by an attorney or other representative selected by the party

### Discovery

Discovery, the disclosure of pertinent facts or documents related to the dispute, may include depositions and subpoenaed documents and/or witnesses

Limits on discovery shall be determined in a discovery conference between the parties and the arbitrator Discovery shall be limited to that for which each party has a demonstrable need, and shall be conducted in an expeditious and cost-effective manner

### Designation of Witnesses

At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended for use at the arbitration.

### Subpoenas

Each party shall have the right to subpoena witnesses and documents for the arbitration

### Arbitration Procedures

The Company and I agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current National Rules for the Resolution of Employment Disputes (the "National Rules") of the American Arbitration Association ("AAA") before an arbitrator who is licensed to practice law in the state in which the arbitration is convened and is selected according to the National Rules (the "Arbitrator") I may obtain a copy of the current National Rules from the AAA's Web site (www adr org) or by calling AAA at (800) 778-7879 The arbitration shall take place in or near the city in which I am or was last employed by the Company

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted The Arbitrator, and not any federal, state, or local court or agency, shall have, to the fullest extent permitted by law, exclusive authority to resolve any dispute relating to the interpretation, applicability, scope, enforceability, or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable  The Arbitrator's decision shall be final and binding upon the parties, except as provided in this Agreement

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief  The time for filing such a brief shall be set by the Arbitrator

The Arbitrator shall render a written award and opinion in the form typically rendered in employment arbitrations

A party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award  Except as otherwise provided in this Agreement, both the Company and I agree that although an administrative complaint may be filed regarding legally protected rights (such as an administrative charge of discrimination or unfair labor practice), this Agreement must be used instead of a trial or administrative hearing if the filing party remains unsatisfied with the results of the administrative process, unless otherwise prohibited by law

The Company and I further understand that, by this Agreement, we are waiving our right to have a claim adjudicated by a court or jury  Unless controlling legal authority requires otherwise, no claim will be arbitrated as a class action, as a private attorney general, or as part of another action brought in a representative capacity on behalf of other Company employees

### Arbitration Fees and Costs

The Company and I shall equally share the fees and costs of the Arbitrator and the arbitration, except the Company will pay a greater portion of the fees and costs of the Arbitrator and/or the arbitration where required by applicable law  In the event the

Company and I cannot agree as to the amount each party is to pay, the Arbitrator shall resolve the issue at the outset Each party shall pay its own attorneys' fees, if any, and other costs the party would have to pay had the claim been litigated in court or before an administrative body, including, but not limited to, the expenses of the party's own witnesses However, if a party prevails on a statutory claim that affords the prevailing party attorneys' fees and/or costs, the Arbitrator may award such fees and/or costs to the prevailing party.

**Interstate Commerce**

I understand and agree that the Company is engaged in transactions involving interstate commerce and that my employment involves such commerce, and that this Agreement is governed by the Federal Arbitration Act

**Requirements for Modification or Revocation**

This Agreement to arbitrate shall survive the termination of my employment Other than changes in terms required to keep this Agreement in compliance with applicable law, this Agreement can only be revoked or modified by a written statement, signed by the parties that specifically states an intent to revoke or modify this Agreement.

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes (except for any arbitration agreement in connection with any pension or benefit plan or under the NASD Code) This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement

**Construction**

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of this Agreement

**Consideration**

My employment with the Company and the mutual promises by the Company and me to arbitrate covered claims are consideration for this Agreement.

**Not an Employment Agreement**

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this agreement in any way alter the "at-will" status of my employment

---

### MUTUAL AGREEMENT TO ARBITRATE CLAIMS ACKNOWLEDGEMENT FORM

I acknowledge that I have carefully read this Mutual Agreement to Arbitrate Claims, that I understand and agree to abide by its terms, and that all understandings and agreements between the Company and me relating to the subjects covered in this Agreement are contained in it I have entered into this Agreement voluntarily and not in reliance on any promises or representations by the Company other than those contained in this Agreement itself

| EMPLOYEE | COMPANY |
|---|---|
| Signature: *Annette Pejovich* | Signature of Authorized Company Representative. *Jeffrey Schimberg* |
| Name (print or type): Annette Pejovich | Name and Title of Representative. AUG 1 9 2005<br>Jeffrey Schimberg, Senior Vice President, Human Resources HR-ESG |
| Date: Aug 8, 2005 | Company Name and Address.<br>**World Savings**<br>1901 Harrison Street, Oakland, California 94612 |

HR-218 (01/02)

Entered by ESG
Date 08/19/05